IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANE BALES, Special Administrator of the Estate of EDWARD FREDENBURG, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>ARBOR MANOR, SSC FREMONT OPERATING COMPANY, LLC, d/b/a ARBOR MANOR,<br><br>Defendant(s). | 4:08CV3072<br><br>**MEMORANDUM AND ORDER** |

On April 11, 2008, the defendant, SSC Fremont Operating Company, LLC, d/b/a Arbor Manor, removed this wrongful death action to federal court pursuant to 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction, and also filed a motion to dismiss the action or in the alternative to stay the action and to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4.  Even though the plaintiff has not objected to the removal or filed a response to the defendant's motion, the court must satisfy itself that subject matter jurisdiction exists.  *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases.").

The defendant states that it is a Delaware limited liability company, but it has not identified its members.  In this circuit, at least, it is the citizenship of a limited liability company's members—not the state in which the company was formed—that is relevant for purposes of establishing diversity jurisdiction.  *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004).  Thus,

if any member of SSC Fremont Operating Company, LLC, is a citizen of Nebraska,[1] subject matter jurisdiction does not exist and the action must be remanded to the District Court of Dodge County, Nebraska, pursuant to 28 U.S.C. § 1447(c). The defendant's motion filed with reference to the Federal Arbitration Act does not provide an independent basis for federal court jurisdiction. *See Express Scripts, Inc. v. Aegon Direct Marketing Services, Inc.*, 516 F.3d 695, 699 (8th Cir. 2008); *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 n. 32 (1983).

IT IS ORDERED that:

1. The defendant is directed to show cause, on or before May 30, 2008, why this action should not be remanded to state court for lack of subject matter jurisdiction. In its response, the defendant must identify each of its members and the member's state of citizenship.[2]

2. The defendant's motion to dismiss, etc. (filing 2) will be held in abeyance pending the defendant's response to this show cause order.

May 15, 2008.   BY THE COURT:

　　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge

---

[1] The plaintiff, Diane Bales, is a special administrator appointed by the County Court of Dodge County, Nebraska. For purposes of determining diversity, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). The court assumes that the plaintiff's decedent was a citizen of Nebraska.

[2] This information must be provided by any party that is a limited liability company when completing the standardized form "NEDC Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1" that is available on the court's website.